United States District Court
District of Massachusetts

```
                                  )
AmGuard Insurance Company,        )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    Civil Action No.
                                  )    25-12039-NMG
Imaculada Dias,                   )
                                  )
        Defendant.                )
                                  )
                                  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a two-count complaint, wherein AmGuard Insurance Company ("plaintiff" or "AmGuard"), an insurance company, alleges negligence and breach of contract against defendant Imaculada Dias ("defendant" or "Dias"), a contractor. Plaintiff has filed a Motion for Default Judgment (Dkt. No. 9), seeking $361,005 in damages. For the reasons that follow, that motion will be allowed.

## I.   Facts

Plaintiff alleges that it issued a general liability insurance policy to Abel Pizarro ("Pizarro" or "the insured") in connection with his property located in New Bedford, Massachusetts ("the Property"). Pizarro allegedly hired defendant to paint and refinish hardwood floors at the Property.

1

In October, 2024, a fire at the Property resulted in substantial damage to Pizarro's real and personal property.

Plaintiff alleges that a subsequent investigation revealed that the fire was the result of foreseeable self-ignition of waste and debris that had been improperly stored and otherwise negligently discarded by defendant.  Pizarro incurred damages in excess of $500,000.  AmGuard paid $361,005 to its insured and, as its subrogee, seeks to recover that amount from defendant.

AmGuard filed the instant complaint in July, 2025.  Dias was served with the complaint but has not responded or otherwise participated in this case.  AmGuard requested entry of Default in November, 2025, and subsequently filed the pending motion for default judgment in the amount of $361,005.

## II.  Legal Standard

Under Fed. R.Civ.P.55(a)-(b), a district court may enter default judgment when a defendant has failed to answer or otherwise defend against a complaint.  A final entry of default judgment requires a two-step process.  First, the Clerk enters a notice of default. Id. 55(a).  Then, the Court may enter default judgment on the application of a party. Id. 55(b).

After a notice of default judgment is entered under Rule 55(a), the Court must assume that all well-pled factual allegations in the complaint are true but need not accept the moving party's legal conclusions. Meredith Springfield Assocs.,

2

Inc. v. Puma Logistics, LLC, 2018 WL 3340370 (D. Mass. May 7, 2018). Judgment is warranted if 1) the Court has both personal and subject matter jurisdiction, 2) the allegations in the complaint state a cognizable claim for relief and 3) those allegations merit a discernable award of damages. Groden v. Epstein, 2024 WL 4519724, at *1 (D. Mass. Oct. 17, 2024) (citing Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002)).

Unlike the analysis for liability, courts do not accept the validity of factual allegations related to damages. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "The court must ensure that the damages awarded are reasonable and demonstrated by the evidence." Control Point Assocs. v. Santosuosso, 2022 WL 1175008, at *2 (D. Mass. Apr. 20, 2022). Default judgment will not "expose a defendant to impositions not properly identified before the entry of default." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d, 40 (1st Cir. 2012). Therefore, the amount of damages to be awarded by the court "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P.54(c).

### III. **Analysis**

#### a. **Jurisdiction**

Before allowing default judgment, the court must establish that it has both subject matter jurisdiction and personal

3

jurisdiction over the defendant. Groden, 2024 WL 4519724, at *2. Federal district courts have diversity jurisdiction of all civil actions in which the matter in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. §1332.

Here, the plaintiff seeks $361,005 in damages, exceeding the statutory minimum.  As for diversity of citizenship, plaintiff is a corporation organized under the laws of and domiciled in Pennsylvania and defendant is a resident of Massachusetts.  Thus, diversity jurisdiction exists.  As a Massachusetts resident, defendant is also subject to personal jurisdiction in this Court.

### b. Cognizable Claims

#### i.    Count One: Negligence

AmGuard alleges that Dias owed it a duty to conduct his construction activities with reasonable care and that he failed to do so by improperly discarding waste and debris at the Property.  AmGuard claims that, as a result of such negligent conduct, its insured sustained damages in excess of $500,000. Those facts, taken as admitted, give rise to a cognizable claim for negligence.

#### ii.   Count Two: Breach of Contract

Plaintiff alleges that defendant breached his contract with its insured by failing to perform all work in a reasonably workmanlike manner.  AmGuard claims that Dias failed to discard

4

waste and debris at the Property in a safe and adequate manner, thereby causing the fire that damaged the Property. Further, plaintiff alleges that its insured performed all of his obligations related to the contract. Those facts, taken as admitted, demonstrate that Dias breached the contract and that AmGuard, as subrogee, is entitled to relief.

### c. Damages

AmGuard has submitted an affidavit to establish that the amount requested and due is of a sum certain that does not require further computation. It has provided a history of payments made to its insured as an exhibit, totaling $361,005. The amount requested is supported and reasonable.

### ORDER

For the foregoing reasons, plaintiff's motion for default judgement is allowed and plaintiff will be awarded $361,005.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: June 11, 2026